**In re Deborah R. BARSE, Debtor.**

**No. 03–22270.**

United States District Court,
W.D. New York.

April 30, 2004.

Harris Beach LLP, By David L. Ras-

**6.** Nor does Wells Fargo's *Brief in Support of Motion for Summary Judgment* provide any argument on this element.

mussen, Esq., Pittsford, NY, for the Creditor.

Leonard Relin, Esq., Rochester, NY, for the Debtor.

## ORDER

LARIMER, District Judge.

**IT IS HEREBY ORDERED**, that the Decision and Order of the Honorable John C. Ninfo, II, Chief United States Bankruptcy Court Judge for the Western District of New York in the case of In Re Deborah R. Barse, Debtor decided November 14, 2003 is hereby affirmed, a copy of the transcript of the Decision being attached hereto and made a part hereof of this Order.

## ATTACHMENT

UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF NEW YORK

In re: Deborah R. Barse, Debtor.

03-22270

Rochester, New York

April 6, 2004

10:40 a.m.

TRANSCRIPT OF DECISION

BEFORE THE HONORABLE DAVID G. LARIMER, UNITED STATES DISTRICT JUDGE

Harris Beach LLP By: David L. Rasmussen, Esq., 99 Garnsey Road, Pittsford, New York 14534, for the Creditor.

Leonard Relin, Eq., One East Main Street, 10th Floor, Rochester,, New York 14614, for the debtor.

Court Reporter: Christi A. Macri, FAPR, RMR, CRR, CRI, Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York, 14614-0222

## *PROCEEDINGS*

\*    \*    \*    \*    \*    \*

THE COURT: Okay. Well, I think at the risk of being precipitous, and in the interest of the shortness of life and moving the case along, I'm prepared to rule. I may write on this, but I may not, so my oral recitation here will be the decision of the Court.

I think reasonable people could differ as to the method of valuation under Section 722 for redemption of property. But I think the weight of authority supports what Judge Ninfo did in his decision of November 14th, that the standard for determining the value for redemption should be the so-called wholesale value.

Neither Judge Ninfo nor the Court is going to state what the value is because I think the parties have stipulated that. As long as the Court decides the method, you all can figure the numbers.

This Court has relied, as did Judge Ninfo, on the legislative history, and the Court has carefully reviewed the cases cited by Judge Ninfo, especially at page three of his decision, *In re: Donley.* All the cases that he cited there, the *Weathington* case especially, is a Sixth Circuit decision decided in 2000, and all the cases that he cited and I've referenced here are post-*Rash* decisions. That is, *Associates Commercial Corp. versus Rash,* decision of the United States Supreme Court decided in 1997, a Chapter 13 case.

Because *Rash* did deal with a different issue, I'm not convinced that *Rash* requires that this Court adopt a replacement value for the debtor who seeks to redeem under Section 722.

Were I a legislator, which thankfully I'm not, I can see a mechanism for treating Chapter 13s and Chapter 7s in this context the same. I'm not confident enough that that's what a legislator would do or that's what I should do in this posture.

As Judge Ninfo pointed out, and I think other courts have pointed out, there is a difference with a distinction or maybe a distinction with a difference between what *Rash* was dealing with and what we're dealing with in this Section 722 scenario.

My standard of review here is de novo since it's a legal matter, and I am persuaded considering both 722, the legislative

history, and Section 506(a) which attempts to define valuation.

I think the method chosen by Judge Ninfo is proper and appropriate, it accurately reflects what the statute provides for and, therefore, I choose to affirm him and his decision. That's all I will say at this point.

Mr. Relin, if you could assist the Court by preparing—not a decision obviously, but just a short order indicating my affirmance of Judge Ninfo's decision, and indicate that the Court's comments here on the record, this 6th day of April, should be deemed incorporated by reference as to the reasoning behind the Court's decision.

If I decide to write further for whatever purpose, for history, I'll do that, but at this point I think you have my decision and can move on with the case.

MR. RELIN: Thank you, Your Honor.

THE COURT: Can I get that in a week?

MR. RELIN: Sure.

THE COURT: Okay, thank you.

(WHEREUPON, the proceedings adjourned at 11:14 a.m.)